IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02238-BNB

JOE M. TONEY, JR.,

    Applicant,

v.

D. A. BERKEBILE, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Joe M. Toney, Jr., is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He filed *pro se* on August 12, 2014, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On August 13, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On September 3, 2014, Respondent filed a preliminary response (ECF No. 10).  On September 17, 2014, Mr. Toney filed a reply (ECF No. 11).

    The Court must construe liberally the filings of Mr. Toney because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  The Court may take judicial

notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action.

Mr. Toney was convicted in the United States District Court for the Eastern District of Louisiana, Criminal Action No. 00-00284-MLCF, on charges of bank robbery and sentenced to 188 months of incarceration to be followed by three years of supervised release. *See* ECF No. 10, ex. A-1 (declaration of April Bennett), attachment 1 at 11. He also was convicted in the United States District Court for the Middle District of Florida, Criminal Action No. 06-cr-00003-WTH-PRL, on charges of assault on a federal corrections officer and sentenced to 12 months of incarceration to be followed by one year of supervised release. *See* ECF No. 10, ex. A-1, attachment 1 at 12.

On May 2, 2014, Mr. Toney received an incident report, No. 2578861, for refusing to obey the order of a staff member, among other things. *See* ECF No. 1 at 2, 6-8; *see also* ECF No. 10 at 1, ex. A-1 at 3, ¶ 4. After being found guilty of the incident, Mr. Toney was removed from his inmate orderly job. *See* ECF No. 1 at 2, 6-8; *see also* ECF No. 10 at 3, ex. A-1 at 3, ¶ 4. He contends his receipt of the incident report was retaliatory and his subsequent discipline violated due process. He seeks to have the incident report expunged from his prison record and his orderly job reinstated. *See* ECF No. 1 at 5.

Respondent argues that the application should be dismissed for failure to exhaust administrative remedies before seeking federal habeas corpus relief.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus

relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Toney.  *See* 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11).  *See* 28 C.F.R. §§ 542.13 - 542.15.  Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels.  *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different

3

case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection and, if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

An inmate may file an administrative remedy request directly to the regional level, marked as "sensitive," if he reasonably believes his safety or well-being would be placed in danger if the request became known at the institution. 28 C.F.R. § 542.14(d)(1). If the regional administrative remedy coordinator does not agree that the request is sensitive, the request will not be accepted, and the coordinator advises the inmate in writing of that determination. *Id.* The inmate then may pursue the matter by submitting an administrative remedy request locally to the warden without the "sensitive" designation. *Id.*

Failure to exhaust may be excused in rare cases in which an applicant demonstrates that exhaustion would be futile, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), or that irreparable harm would otherwise result. *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010).

Respondent argues that the application should be dismissed for failure to exhaust administrative remedies before seeking federal habeas corpus relief. Respondent contends that, since May 2, 2014, the date of the incident report at issue, Mr. Toney has filed eighteen administrative remedies or appeals from the denial of the administrative remedies. *See* ECF No. 10 at 3, ex. A-1 at 6, ¶ 10. Of these administrative remedies, Respondents contend only two, one of which was submitted as sensitive, potentially relate to the subject matter of this action, and neither has been exhausted fully. The first administrative remedy is No. 718516, through which Mr. Toney sought to have incident report No. 2578861 expunged and his orderly job reinstated. ECF No. 10 at 3, ex. A-1 at 6, ¶ 11. Mr. Toney timely filed No. 718516 at the institution level on May 28, 2014. *See* ECF No. 10 at 3, ex. A-1 at 6, ¶ 12; *see also* ECF No. 10, ex. A-1, attachment 3 at 20.

The BOP's response to Mr. Toney normally would have been due 20 days later, on June 17, 2014. *See* ECF No. 10, ex. A-1 at 6, ¶ 13. However, the BOP sought an additional 20 days to make an appropriate decision, which made its response due on July 7, 2014. *See* ECF No. 10, ex. A-1 at 6, ¶ 13.

The BOP did not respond in a timely manner to administrative remedy No. 718516. *See* ECF No. 10 at 3 n.1, ex. A-2 at ¶¶ 13-14. When Mr. Toney did not receive a timely response to his administrative remedy, he could have considered that remedy denied and proceeded to the next required administrative remedy level. *See* 28 C.F.R. § 542.18; *see also Eldridge v. Berkebile*, No. 14-1235, 2014 WL 3906846, at *2 (10th Cir. Aug. 12, 2014) ("Once Mr. Eldridge failed to receive a timely response to his BP-9, he could have considered that level denied and filed a BP-10, proceeding next to

5

a BP-11. He did not, proceeding directly to district court. He thus failed to exhaust his available administrative remedies.").

Mr. Toney filed an administrative remedy appeal, No. 781516-R1, with the regional office on June 4, 2014. *See* ECF No. 10 at 3, ex. A-1 at 7, ¶ 15; *see also* ECF No. 10, ex. A-1, attachment 3 at 21. However, the regional office rejected that administrative remedy appeal because it was filed prematurely, i.e., just six days after Mr. Toney filed his original remedy with the institution. *See* ECF No. 10 at 3, ex. A-1 at 7, ¶ 15. Mr. Toney never filed a proper regional- or national-level appeal of administrative remedy No. 718516. *See* ECF No. 10 at 3, ex. A-1 at 7, ¶ 16. Therefore, administrative remedy No. 781516 is not exhausted.

The second administrative remedy is No. 779670. Mr. Toney attached to his application the documentation pertaining to this administrative remedy. *See* ECF No. 1 at 14-15. In this request, Mr. Toney asked that several BOP staff members be investigated for allegedly refusing to answer his call button, purposely taking his orderly job to give to an inmate of another race, and setting him up for an incident report in retaliation for filing a case in court. *See* ECF No. 1 at 15; *see also* ECF No. 10, ex. A-1 at 7, ¶ 17. He filed this administrative remedy as a "sensitive" remedy request at the institution level. *See* ECF No. 10 at 3-4, ex. A-1 at 7, ¶ 18. No. 779670 was rejected at the institutional level. *See* ECF No. 1 at 14. Mr. Toney never re-filed or appealed this administrative remedy. See ECF No. 10 at 4; ex. A-1 at 8, ¶ 20. This administrative remedy, therefore, also is not exhausted.

Mr. Toney failed to exhaust his administrative remedies before seeking federal court intervention through the instant habeas corpus application. He also has not made

factual allegations to show he should be excused from exhausting administrative remedies because exhaustion is futile. The application will be dismissed for failure to exhaust.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Toney files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  24th  day of   September  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court